UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY WARD,

                Petitioner,         Case Number 2:12-CV-10009
                                                        Honorable Paul D. Borman

v.

SHERRY BURT,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT; (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING A CERTIFICATE OF APPEALABILITY**

Troy Ward, ("Petitioner"), presently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for two counts of second-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520c(1)(A). This matter is before the Court on Respondent's motion for summary judgment, in which she asks this Court to dismiss the petition as untimely. Petitioner has not filed a response to the motion. For the reasons set forth herein, the Court agrees with Respondent and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability.

I. Procedural History

Petitioner was found guilty of the above offenses following a jury trial in the Oakland Circuit Court. Petitioner filed an appeal by right, and the Michigan Court of Appeals affirmed his conviction in an unpublished opinion. *People v. Ward*, No. 265839, 2007 WL 3226309

(Mich. Ct. App. November 1, 2007).[1] Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court. The application was rejected by the clerk's office as untimely because it was filed one-day late on December 28, 2007.

On August 14, 2008, Petitioner filed a motion for relief from judgment in the trial court. The motion was denied by an opinion and order dated March 4, 2009. Petitioner did not appeal this decision. In his petition, Petitioner asserts that he was unable to file an appeal because he was unable to find another prisoner to assist him and because his GED made him ineligible to receive assistance from the prison's legal writer's program.

Petitioner filed a petition for writ of habeas corpus with this Court on January 3, 2012, although the petition was signed and dated December 27, 2011.[2]

On July 9, 2012, Respondent filed a motion for summary judgment. Petitioner has not filed a response to the motion.

II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Petitioner also filed a motion for new trial in the trial court while his direct appeal was pending. This motion was denied on July 20, 2006, and Petitioner did not file an appeal from the decision.

[2] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his original habeas petition on December 27, 2011, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In this case, the final judgment date is the date on which the time expired for Petitioner to seek direct review from the Michigan Court of Appeals' November 1, 2007, decision. *See Gonzalez v. Thaler*, ___ U.S. ___; 132 S.Ct. 641; 181 L.Ed.2d 619 (2012) (holding that where a state prisoner does not seek review in a States's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires). Under Michigan Court Rule 7.302(C)(4), an appellant has 56 days in which to file a delayed application for leave to appeal with the Michigan Supreme Court. Consequently, the habeas statute of limitations began to run on December 28, 2007, the day after the time period for filing in the Michigan Supreme Court expired (i.e., 57 days after November 1, 2007).

The limitations period ran from December 28, 2007, until August 14, 2008, when Petitioner filed his motion for relief from judgment in the trial court. This was a period of 230 days. The initiation of this state post-conviction review proceedings acted to toll the limitations period under § 2244(d)(2). *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002).

3

The limitations period remained tolled for one-year after the trial court denied the motion for relief from judgment on March 4, 2009, because under the verison of Michigan Court Rule 7.205(F)(3) in effect at the time, Petitioner had one-year to file a delayed application for leave to appeal the denial of his motion for relief from judgment. *See Cramer v. Secretary, Dept. Corrections,* 461 F.3d 1380, 1381 (11th Cir. 2006) (holding if a habeas petitioner does not seek review of a lower state court's decision denying post-conviction review, he is entitled to tolling for the period in which he could have filed an appeal with a higher state court); *Serrano v. Williams,* 383 F.3d 1181, 1185 (10th Cir. 2004); *Williams v. Cain,* 217 F.3d 303, 309-10 (5th Cir. 2000); *Goldwire v. Vorhees,* 2007 WL 1114260 (S.D. Ohio 2007); *c.f. Maxwell v. Roe,* 628 F.3d 486, 495-496 (9th Cir. 2010).

The period of statutory tolling therefore ended on March 4, 2010, and the limitations period started running again on the next day, March 5, 2010. It continued to run for another 653 days until December 27, 2011, when Petitioner signed his petition and placed it in the prison mail system. Adding these two periods together, 883 days, or well more than one year, ran on the period of limitations before Petitioner initiated this proceeding.

The Supreme Court has held that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida,* \_\_\_U.S.\_\_\_, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). The Court cautioned that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson,* 624 F.3d 781, 783-84 (6th Cir. 2010).

Petitioner has not identified any extraordinary circumstances that prevented him from

complying with section 2244(d)(1). Petitioner has not replied to Respondent's motion, but in the petition itself, Petitioner states that he required assistance from fellow prisoners to file his various appellate papers, and he was not eligible for the prison's legal writing program because of his GED. But an inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002). Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance that would toll the statute of limitations. *Wilson v. Birkett*, 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002). Nor does ignorance of the law justify equitable tolling. *See Allen v. Yukins*, 366 F. 3d 396, 403 (6th Cir. 2004); *Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). Accordingly, Petitioner is not entitled to any equitable tolling on account of his pro se status or inability to obtain legal assistance.

Lastly, the one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter*, because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

III. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id*. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

Paul D. Borman
United States District Court

Date: 4-12-13

6