UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY WARD,

    Petitioner,　　　　　　　　　　Civil No. 12-CV-10009
　　　　　　　　　　　　　　　　　　　　Honorable Paul D. Borman


SHERRY BURT,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND MOTION TO APPOINT COUNSEL [dkt. # 14]

Before the court is Petitioner's motion for relief from judgment. On April 12, 2013, this Court granted Respondent's motion for summary judgment and denied the petition for a writ of habeas corpus as untimely.

Petitioner brings the present motion pursuant to Federal Rule of Civil Procedure 60(b) arguing that he is entitled to relief from this court's judgment. Rule 60(b) allows a party relief from judgment, order or other proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence, that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Petitioner moves for relief from judgment pursuant to Rule 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* (internal citations and quotations omitted). Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment.

Petitioner asserts that the Court failed to consider the arguments raised in his "Traverse for Motion for Evidentiary Hearing and Appointment of Counsel of Petition for Writ of Habeas Corpus," which he says was meant to be his response to Respondent's motion for summary judgment. This document basically outlines the same procedural history of the case the Court recited in its opinion granting summary judgment. Petitioner's primary argument in the document is that following his appeal of right, he gave his application for leave to appeal to the Michigan Supreme Court to his ARUS on the morning of December 26, 2007. He claims that the application was not put in the mail until the next day, and then it was received and rejected by the Michigan Supreme Court as one-day late on December 27, 2007. The implication is that had the application been placed in the mail on the day Petitioner gave it to his ARUS, it would have been timely filed and the statute of limitations would not have started to run until a later date.

As explained in the opinion granting summary judgment, however, Petitioner's timeliness

problem does not arise from the late filing of his application in the Michigan Supreme Court after his appeal of right. Rather, after Petitioner completed state collateral review when the trial court denied his motion for relief from judgment on March 4, 2009, he waited 653 days–or well more than a year–to file his habeas petition. That is, even had his application for leave to appeal been timely filed after his direct appeal, Petitioner does not offer an adequate explanation for the lapse of time following state collateral review. Petitioner does refer to the usual disadvantages faced by incarcerated pro se litigants, but they do not provide a basis for tolling the limitations period. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

Accordingly, Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment.

Based upon the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motion for Relief From Judgment [Dkt. # 14] is **DENIED**.

Petitioner's Motion for Appointment of Counsel [Dkt. # 14] is also denied as moot.

s/Paul D. Borman
HON. PAUL D. BORMAN
Dated: August 16, 2013                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 16, 2013.

s/Deborah Tofil
Case Manager