UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY WARD,

    Petitioner,                          Civil No. 12-CV-10009
                                             Honorable Paul D. Borman

SHERRY BURT,

    Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY [dkt. # 18] AND GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS [dkt. #19]

Before the court are Petitioner's motion for a certificate of appealability and motion to proceed in forma pauperis. On April 12, 2013, this court granted Respondent's motion for summary judgment and denied the petition for a writ of habeas corpus as untimely. Petitioner did not attempt to appeal this decision, but instead, he filed a motion for relief from judgment. This Court denied the motion on August 16, 2013. Petitioner seeks permission to appeal this decision to the Court of Appeals.

A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin*, 481 F. 3d 924, 926 (6th Cir. 2007). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2), which the United States Supreme Court has construed to mean that an applicant must show that reasonable jurists could debate that the petition could have been resolved differently or that the claims raised deserved further review." *Miller-El v. Cockrell*, 537 U.S. 322,

336 (2003).

Reasonable jurists would not conclude that the issues raised in Petitioner's motion for relief from judgment deserve further review. As explained in the order denying that motion, Petitioner does not raise any legitimate arguments calling into question the finding by this court and the court of appeals that his habeas petition was untimely filed. Therefore, a certificate of appealability is DENIED.

The standard for obtaining IFP status is less burdensome. A court may grant IFP status if the Court finds that an appeal is being taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Although the court finds that Petitioner's substantive arguments have no merit, this Court does not find that petitioner's appeal was not undertaken in good faith and will grant his request for leave to appeal in forma pauperis.

Based upon the foregoing, IT IS ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the motion for leave to appeal in forma pauperis is GRANTED.

Dated: NOV 0 5 2013

Hon. Paul D. Borman
United States District Judge